UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 09-64333

DAVID GRANT MAPLEY,                             Chapter 7

                Debtor.          Judge Thomas J. Tucker
_____/

GLORIA MAPLEY,

                Plaintiff,

v.                                              Adv. Pro. No. 09-6953

DAVID GRANT MAPLEY,

                Defendant.
_____/

**OPINION DETERMINING THAT THIS ADVERSARY PROCEEDING
MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

In this adversary proceeding, the Plaintiff Gloria Mapley filed a complaint seeking the denial of Defendant/Debtor David Mapley's discharge, based on 11 U.S.C. §§ 727(a)(2), (a)(4), (a)(6), and (a)(7). On August 23, 2010, the Court entered an order entitled "Order Requiring Plaintiff to Show Cause Why This Adversary Proceeding Should Not be Dismissed for Lack of Standing."[1] The Order required Plaintiff to file a written response, "showing cause why this adversary proceeding should not be dismissed for lack of standing." Plaintiff filed a response on September 7, 2010.[2] Having reviewed and considered the response, the Court concludes that it does not have subject matter over this adversary proceeding, and therefore must dismiss it.

---

[1] Docket # 23

[2] Docket # 25

**I. Facts**

Plaintiff is Defendant's wife. Plaintiff's complaint alleges that pre-petition, Defendant commenced a divorce action against Plaintiff in the Oakland County, Michigan Circuit Court (Case No. 09-758616-DO). Also pre-petition, in the divorce action, the Oakland County Circuit Court entered orders requiring Defendant to pay certain debts. The Circuit Court entered an order on June 17, 2009, which required Defendant to:

    a.    Maintain the monthly payments on the first and second mortgages on the martial home;

    b.    Pay Plaintiff's attorney $5,000.00 in attorney fees by August 17, 2009; and

    c.    Pay Plaintiff's business valuation expert, Charles Esser, $2,500.00 by July 1, 2009 to value Debtor's law practice.[3]

Plaintiff alleges that Defendant failed to comply with the circuit court's order.

On August 5, 2009, Defendant filed a voluntary petition for relief under Chapter 7. On November 16, 2009, Plaintiff filed a complaint objecting to Debtor's discharge under 11 U.S.C. §§ 727(a)(2), (a)(4), (a)(6), and (a)(7). On August 23, 2010, this Court issued a show-cause order, which stated, in relevant part:

> In this adversary proceeding, Plaintiff seeks a denial of Debtor's discharge under 11 U.S.C. § 727(a). It appears that the debt or debts owed to Plaintiff all arise from or are based on orders of the Oakland County, Michigan Circuit Court in a pending divorce action between the parties (Case No. 09-758616-DO). As such, it appears that these debts are non-dischargeable under 11 U.S.C. § 523(a)(15), and/or 11 U.S.C. § 523(a)(5). Therefore, it appears that even if Plaintiff were successful in this § 727(a) action, she would gain nothing for herself, beyond what she already has. Plaintiff already appears to have claims against the Debtor that are non-dischargeable in Debtor's Chapter 7 bankruptcy case. And the

---

[3] Docket # 1 ("Complaint Objecting Discharge Under § 727(a)") at ¶ 4.

> Court questions the standing of one creditor (here, the Plaintiff) to
> seek a denial of the Debtor's discharge under U.S.C. § 727(a) only
> on behalf of any *other* creditors.[4]

In Plaintiff's response to the Show-Cause Order, Plaintiff argues that the June 17, 2009 circuit court order created a debt owing from Defendant to Plaintiff, which "is in the nature of a Domestic Support Obligation."[5] Plaintiff argues further that because "Plaintiff is a creditor and party in interest" and therefore "has a right to be heard on any issue," citing 11 U.S.C. §§ 101 and 105. Plaintiff then argues, without explanation, that "[t]he fact that Plaintiff's claims are nondischargable does not and should not alter this result."[6]

**II. Discussion**

**A. The jurisdictional "case or controversy" requirement**

"[T]he Supreme Court has held that courts have a continuing duty to examine their own jurisdiction. . . . Encompassed in the duty to assess subject matter jurisdiction is the requirement to dismiss sua sponte an action over which a court lacks jurisdiction." *Sturgis v. Lloyd*, No. 10-10101, 2010 WL 1052342, at *1 (E.D. Mich. March 19, 2010)(citation omitted); *see also* Fed.R.Civ.P. 12(h)(3), made applicable by Fed.R.Bankr.P. 7012(b)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1; *Day v. Klingler* (*In re Klingler*), 301

---

[4] "Order Requiring Plaintiff to Show Cause Why This Adversary Proceeding Should Not Be Dismissed for Lack of Standing" Docket # 23 at 1.

[5] "Plaintiff's Response to Order to Show Cause" Docket # 25 at 1.

[6] *Id.*

3

B.R. 519, 523 (Bankr. N.D. Ill. 2003). "The limits Article III imposes on federal jurisdiction apply equally to bankruptcy courts." *Klingler*, 301 B.R. at 523 (citations omitted).

In *Klingler*, the court explained the "case or controversy" requirement as follows:

> To satisfy the case or controversy requirement, the dispute between the parties must be "actual" and "ongoing." Federal courts have no power to decide questions that cannot affect the rights of litigants in the case before them. When the controversy ceases to be actual or ongoing– when the issues presented are no longer live, or the parties lack a legally cognizable interest in the outcome, it is moot. At that point, the court loses jurisdiction.
>
> A controversy ceases to exist, and the claim in question becomes moot, if events outrun the controversy so that the court can grant no meaningful relief. In particular, a claim is moot when the court can grant no effective relief because the plaintiff has already received all the relief he could.

*Klingler*, 301 B.R. at 523-24 (Bankr. N.D. Ill. 2003)(internal quotation marks and citations omitted).

**B. This adversary proceeding**

The Plaintiff in this case, Gloria Mapley, objects to the Debtor's Chapter 7 discharge under 11 U.S.C. § 727(a). She seeks no relief other than the denial of the Debtor's discharge. She does not, for example, include in her complaint any count seeking a determination that the debt she is owed by the Debtor is nondischargeable under one or more provisions of 11 U.S.C. § 523(a).

The only injury which the Plaintiff's complaint even arguably seeks to avoid is the discharge of the debt owed to her by the Debtor. But in this case, it is clear, and the Plaintiff does not dispute, that any debt the Debtor owes Plaintiff, and which is the subject of her adversary complaint, arises from one or more orders issued by the state court in the parties'

pending divorce case. Thus it is clear, and Plaintiff does not dispute, that the debt in question will not be discharged even if the Debtor obtains a discharge in his Chapter 7 case. A discharge under § 727 does not discharge any debt that is nondischargeable under 11 U.S.C. § 523. *See* 11 U.S.C. § 727(b). The debt in question clearly is nondischargeable under one of the following two provisions of § 523: either under § 523(a)(5), if the debt is a "domestic support obligation" (as Plaintiff contends it is in her response to the Show-Cause Order); or under § 523(a)(15), if the debt is not a "domestic support obligation." Section 523(a)(15) clearly applies here if § 523(a)(5) does not (*i.e.*, if the debt is not a "domestic support obligation,") because the debt alleged in Plaintiff's complaint clearly is a debt to "a spouse, . . . that is incurred by the debtor in the course of a separation or in connection with a separation agreement, divorce decree, or other order of a court of record, . . ." 11 U.S.C. § 523(a)(15).

Thus, it is clear that none of the debt in question will be discharged even if the Debtor obtains a discharge in his Chapter 7 case.[7] So Plaintiff Gloria Mapley will suffer no injury if the Debtor obtains his Chapter 7 discharge.[8] It follows that the relief Plaintiff seeks in this adversary proceeding would give her nothing she does not already have — what she already has is a claim

---

[7] Plaintiff is not time-barred from filing an action seeking to confirm the nondischargeability of the debt in question under either §§ 523(a)(5) or 523(a)(15), should she ever need to do so. Rather, such an action "may be filed at any time." *See* Fed.R.Bankr.P. 4007(b); 11 U.S.C. § 523(c)(1). Debtor has not sought such relief in this adversary proceeding.

[8] If the Debtor David Mapley should convert his Chapter 7 case to Chapter 13, and ultimately obtain a Chapter 13 discharge under 11 U.S.C. § 1328(a), the nondischargeability provisions of § 523(a)(15) would not apply. But would the objection-to-discharge provisions of § 727(a) apply in such a Chapter 13 case; rather, they apply only in a Chapter 7 case. *See* 11 U.S.C. § 103(b). Thus, even if the Debtor David Mapley were to convert his case to Chapter 13 at some future time, this adversary proceeding would have to be dismissed as moot, because it seeks only a denial of discharge under various provisions of § 727(a). In any event, the Debtor has given no indication of any intention to seek to convert his case to Chapter 13.

5

09-06953-tjt    Doc 26    Filed 09/17/10    Entered 09/17/10 16:42:12    Page 5 of 8

against the Debtor that will *not* be discharged in the Debtor's Chapter 7 case. Thus, Plaintiff can gain nothing for herself by blocking the Debtor's discharge under § 727. And Plaintiff does not have standing to object to the Debtor's discharge solely on behalf of *other* creditors. *See Klingler*, 301 B.R. at 525.

For these reasons, Plaintiff cannot satisfy the Article III "case or controversy" requirement, and this Court lacks subject matter jurisdiction. Put in more practical terms, there is no legitimate point to Plaintiff pursuing the only relief she seeks in this adversary proceeding (a denial of Debtor's Chapter 7 discharge.)

**C. Cases supporting this Court's conclusion**

The situation in this adversary proceeding is analogous to that in *Klingler*, where the court held that it lacked subject matter jurisdiction, and also to that in *Neal v. Neal* (*In re Neal*), 302 B.R. 275 (B.A.P. 8th Cir. 2003), where the court dismissed an appeal for lack of jurisdiction.

In *Klingler*, Richard Day, a creditor of Michael Klingler, the debtor, filed an adversary proceeding seeking a determination that the debt the debtor owed to him was nondischargeable under 11 U.S.C. § 523(a)(2)(A). 301 B.R. at 521. After prevailing in that adversary proceeding, the creditor filed a second adversary proceeding seeking an order revoking the debtor's Chapter 7 discharge. *Id.* The court dismissed the second adversary proceeding based on lack of subject matter jurisdiction. *Id.* at 525. The court reasoned as follows:

> The judgment in Day's favor in the first adversary rendered the second adversary moot. **The injury for which Day sought relief in the first adversary was the potential discharge of Klingler's debt to him under section 727(b). The judgment he received in the first adversary gave him the relief he sought: the court specifically held that the debt (or, more accurately, the state court judgment to which the debt had been reduced)**

6

> was "non-dischargeable in bankruptcy." (Final Judgment dated April 15, 2003). **With that remedy, Day received all the relief to which he was entitled for the injury he claimed. The debt cannot be made any more nondischargeable than it currently is.** There is no further relief the court can grant him.
>
> It is true (as Day would doubtless point out if given the chance) that section 727(d) provides a broader remedy-and so a different one-than section 523(a). Section 523(a) is addressed to the dischargeability of a specific debt, not all debts. The revocation of discharge under section 727(d), on the other hand, like the denial of discharge under section 727(a), is total, causing all creditors to continue to have a post-petition claim against the debtor and his present and future assets.
>
> But this difference-and it is the only difference-is immaterial here. As a result of the first adversary, **the debt Klingler owes Day will not be discharged. Having prevailed in that proceeding, Day no longer has any personal stake in any other discharge decision. He stands to gain nothing in the second adversary if he prevails. At most, he is litigating now to vindicate the rights of any remaining creditors, which he cannot do. Or else he is simply litigating out of distaste for Klingler, which he also cannot do.**
>
> Because Day received in the first adversary all the relief he was entitled to obtain in the second, there is no further relief the court can grant him, and **the second adversary proceeding is moot. Mootness is jurisdictional. If a case becomes moot, a federal court loses jurisdiction.**

*Id.* at 524-25 (emphasis added, internal quotation marks, citations, and footnotes omitted).

The *Klingler* court held, in that alternative, that "Day might be viewed as having lost standing to pursue the second adversary." *Id.* at 524 n.8 (citations omitted). The court explained:

> Once the first adversary was decided, Day lost standing in the second adversary because the only injury that conferred standing-the prospect that Klingler's debt to him would be discharged and so could never be collected-was redressed. For the same reason the

7

second adversary is moot, then, Day has no standing to maintain it.

*Id.*

In the *Neal* case, the debtor's ex-wife appealed two orders entered by the bankruptcy court: (1) an order confirming the debtor's amended chapter 13 plan; and (2) an order granting the debtor a discharge. 302 B.R. at 276. The court noted that there was a possibility that the state court would award the ex-wife maintenance retroactive to a date before the debtor had filed for relief under Chapter 13. However, because debts for maintenance are § 523(a)(5) debts that are nondischargeable under 11 U.S.C. § 1328(a), the court found "that the appeal of the order of discharge [was] of no practical significance to [the ex-wife]." *Id.* at 278-79. The court explained further:

> Federal courts have no power to decide questions that cannot affect
> the rights of parties in the case before them. An appeal is moot if
> we can grant no effective relief because the plaintiff has already
> received all the relief the trial court can offer.

*Id.* at 280 (citing *Klingler*, 301 B.R. at 522-23). The *Neal* court dismissed the appeal of the order of discharge as moot.

The *Klingler* and *Neal* cases support the Court's conclusion in this case that subject matter jurisdiction is lacking.

### III. Conclusion

Because the Court lacks subject matter jurisdiction, this adversary proceeding must be dismissed. The Court will enter a separate order.

**Signed on September 17, 2010**         **/s/ Thomas J. Tucker**
                                          **Thomas J. Tucker**
                                          **United States Bankruptcy Judge**